# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALBERT KEYES | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2926-S-BN |
| | § | |
| WELLS FARGO BANK NA, et al. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Albert Keyes filed this *pro se* action alleging violations of the Truth in Lending Act, federal banking regulations, the Foreign Agents Registration Act, and Texas law. [ECF No. 3]. On January 10, 2025, Plaintiff filed an amended complaint [ECF No. 11], and on March 5, 2025, Plaintiff filed a request for a temporary injunction ("Motion") [ECF No. 12], seeking to stay his eviction from 5323 Blaney Way, Dallas, Texas 75227. The request seeks a temporary restraining order to stay the eviction currently scheduled for March 7, 2025, and a preliminary injunction after a hearing. *See* Mot. 4. For the reasons stated herein, the Court **DENIES** the Motion.

### I. LEGAL STANDARD

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up). Granting a preliminary injunction, however, "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will

suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

## II. ANALYSIS

In an exhibit attached to his motion, Keyes states that judgment was entered against him in a justice of the peace court in Dallas County, Texas in *Flight 2010 LLC v. Albert Keyes & All Other Occupants*, No. JPC-24-03233-52. *See* TRO Mtn. at 35. A review of the publicly available filings in that case[1] show that the eviction proceedings were filed on November 1, 2024, and judgment was entered against Keyes after a jury trial on December 10, 2024. Keyes appealed to Dallas County Court at Law No. 5 in *Flight 2010 LLC v. Albert Keyes & All Other Occupants*, No. CC-25-79-E. Judgment was entered against Keyes in that case on February 24, 2025, and a writ of possession was issued on March 3, 2025. Keyes filed a notice of appeal to the Texas Fifth Court of Appeals on March 5, 2025, the same day that he filed his motion for an injunction in this Court.

Keyes motion for a temporary restraining order and preliminary injunction in essence seeks

---

[1] The filings are available through searches on the Dallas County, Texas Courts Portal (https://courtsportal.dallascounty.org/DALLASPROD). A district court may properly take judicial notice of public records in state court proceedings. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. App'x 888, 892 (5th Cir. 2020); *see also Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All court records are presumptively available to the public and may be sealed only pursuant to the conditions of Texas Rule of Civil Procedure 76a.").

to have this Court intervene in the state court proceedings to stay an order of a state court. As it appears clear from the public court records that the relief Keyes requests would interfere with ongoing state proceedings, the claims implicate abstention under *Younger v. Harris*, 401 U.S. 37 (1971). In the alternative, to the extent relevant proceedings were concluded before the case was filed, the injunction request is barred by the *Rooker-Feldman* doctrine. Therefore, Keyes has not demonstrated a likelihood of success on the merits.

"*Younger* abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987) (recognizing, in case between private parties implicating interests in real property, "importance to the States of enforcing the orders and judgments of their courts" and necessity of "proper respect for the ability of state courts to resolve federal questions presented in state-court litigation").

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The United States Supreme Court has recognized that *Younger* abstention is appropriate where a federal plaintiff requests an injunction that would have the practical effect of interfering with execution of a state-court judgment. *See Pennzoil*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance

with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."))).

In addition to meeting the first *Middlesex* condition, *Pennzoil* makes clear that an injunction interfering with a state court judgment and writ of execution in and of itself implicates important state interests. *See Pennzoil*, 481 U.S. at 13-14. The state also has important state interests in regulating the eviction process. Texas law specifies that jurisdiction for eviction proceedings lies with the justice courts. Tex. Prop. Code § 24.004. State law also establishes the process for appealing to county court. *See* Tex. Gov't Code § 26.042(e); Tex. Prop. Code § 24.00511-.0054. Finally, it sets out the requirements and limitations to appeal a county court decision to the state court of appeals, including a process to stay the eviction during that appeal. Tex. Prop. Code § 24.007. For a federal court to bypass that process and enter an order staying or enjoining a state would harm the state's interests in establishing and enforcing its own laws, processes, and judgments. *See Pennzoil*, 481 U.S. at 13-14; *see also Weaver v. Parker*, No. 6:23-cv-454-JDK-KNM, 2023 WL 7232851, at *2 (E.D. Tex. Oct. 6, 2023), (finding that Texas has an important interest in real property rights (citing *Chamberlain v. 624 Orleans, LP*, No. 1:11-cv-140, 2011 WL 1627080, at *3 (E.D. Tex. Apr. 18, 2011) (finding that process set up by Texas for eviction proceedings evidences important state interest))), *report and recommendation adopted by*

2023 WL 7221343 (E.D. Tex. Nov. 2, 2023).

As to the ability to raise federal claims, Keyes was provided with the opportunity to present his case before a jury and an avenue for appeals. Furthermore, Keyes has not shown that he did not have an adequate opportunity to raise any federal claims. *See Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (emphasis in original) (citing *Moore v. Sims*, 442 U.S. 415, 425 (1979))); *Chamberlain*, 2011 WL 1627080, at *3 (discussing opportunities to challenge eviction process under state law).

To the extent that there are other relevant state judicial proceedings such as the initial foreclosure proceeding that had already concluded at the time this lawsuit was filed, the federal district court lacks jurisdiction "to modify or reverse" a state proceeding under the *Rooker-Feldman* doctrine. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Jordaan v. Hall*, 275 F. Supp. 2d 778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when

the federal suit is filed.").

### III. CONCLUSION

The Court therefore **DENIES** Plaintiff's motion for a temporary restraining order and preliminary injunction [ECF No. 12].

**SO ORDERED.**

SIGNED March 6, 2025.

_____
UNITED STATES DISTRICT JUDGE